IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORETTA BURTON, | : | CIVIL ACTION NO. **1:CV-14-106**8 |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| OZBURN HESSEY LOGISTICS, | : | |
| Defendant | : | |

-----------------------------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| LORETTA BURTON, | : | CIVIL ACTION NO. **1:CV-14-1446** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| OZBURN HESSEY LOGISTICS, | : | |
| Defendant | : | |

## AMENDED REPORT AND RECOMMENDATION

This Amended Report and Recommendation is issued for the purpose of correcting a filing error which occurred on August 20, 2014, when the undersigned filed his initial Report and Recommendation in the above-captioned actions. (Doc. 17 in 14-1068 and Doc. 4 in 14-1446). Due to said filing error, the original Report and Recommendation was not uploaded properly. The following is the Report and Recommendation as it was intended to have been filed on August 20, 2014.

**I. BACKGROUND**

*A. Civil Action No. 1:CV-14-1068*

On June 3, 2014, the *pro se* Plaintiff, Loretta Burton, filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendant Ozburn Logistics wherein she appears to allege slander and defamation of character related to a November 23, 2011 work-related injury and the disapproval of unemployment and workers compensation benefits[1]. (Doc. 1). This matter was assigned to the Honorable Yvette Kane, United States District Court, Middle District of Pennsylvania. On June 17, 2014, Plaintiff paid the filing fee and on July 8, 2014, service of the Plaintiff's Complaint was directed on the named Defendant. (Doc. 6). On July 10, 2014, Defendant filed an Answer to Plaintiff's Complaint

*B. Civil Action No. 1:CV-14-1446*

On July 28, 2014, the *pro se* Plaintiff, Loretta Burton, filed a second Complaint in the this Court and paid the filing fee. This matter was assigned to the Honorable Yvette Kane, United States District Court, Middle District of Pennsylvania. Again, the Complaint arises out of Plaintiff's November 23, 2011 injury, and appears to allege defamation of character related to the denial of workers compensation benefits. (Doc. 1, pp. 2-25).

On July 28, 2014, service of the Plaintiff's Complaint was directed on the named Defendant. (Doc. 2).

---

[1] On August 30, 2012, Plaintiff filed two prior cases in this Court which were consolidated by the Honorable William W. Caldwell, in 1:12-CV-1740, on March 24, 2014. Plaintiff alleged employment discrimination claims against the same Defendant. On July 21, 2014, summary judgment was granted in favor of the Defendant and against the Plaintiff. (Docs. 45, 46).

**II.  Discussion.**

> Rule 42(a) of the Federal Rules of Civil Procedure states that:
>
> When actions involving a common question of
> law or fact are pending before the court, it
> may order a joint hearing or trial of any or all
> the matters in issue in the actions consolidated;
> and it may make such orders concerning proceedings
> therein as may tend to avoid unnecessary costs
> or delay.

The Plaintiff's two Complaints have been reviewed, and we find that they involve common questions of law and fact.  In fact, Plaintiff's Complaints raise the exact same slander and defamation of character related to a November 23, 2011 work-related injury and the disapproval of unemployment and workers compensation benefits. Accordingly, pursuant to Rule 42(a), we shall recommend that the above cases be ordered consolidated and that the matter proceed under Civil Action Number 1:CV-14-1068.  *See Oliver v. Tennis*, 2008 WL 4755558 (M.D. Pa.).

**III.  Recommendation.**

Based on the foregoing, it is respectfully recommended that Civil Action Number 1:CV-14-1446 be consolidated into Civil Action No. 1:CV-14-1068, and that Civil Action No. 1:CV-14-1446 be closed.  It is further recommended that consolidated case No. 14-1068 be remanded to the undersigned for further proceedings.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 9, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORETTA BURTON, | : | CIVIL ACTION NO. **1:CV-14-106**8 |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| OZBURN HESSEY LOGISTICS, | : | |
| | : | |
| Defendant | : | |

-----------------------------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| LORETTA BURTON, | : | CIVIL ACTION NO. **1:CV-14-1446** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| OZBURN HESSEY LOGISTICS, | : | |
| | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 9, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which

objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                   **s/ Thomas M. Blewitt**
                                                   **THOMAS M. BLEWITT**
                                                   **United States Magistrate Judge**

**Dated: September 9, 2014**